# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**NICHOLAS P. DUTY,**

      **Defendant.**

:

:

**Case No. 2:24-cr-60**
**Chief Judge Sarah D. Morrison**

## ORDER

    This matter is before the Court on Defendant Nicholas P. Duty's second Motion to Continue Trial Date and All Scheduling Order Deadlines. (Mot., ECF No. 18.) A jury trial is currently scheduled for October 7, 2024. (*See* ECF No. 17.) Mr. Duty expressly waives his right to a speedy trial and requests a continuance of approximately 60 to 90 days to accommodate pretrial preparations. (Mot.) The Motion is well taken.

    The Speedy Trial Act of 1974 "provides that in 'any case in which a plea of not guilty is entered, the trial … shall commence within seventy days'" after the arraignment, but lists a number of exclusions from the 70-day period. *U.S. v. Tinklenberg*, 563 U.S. 647, 650 (2011) (quoting 18 U.S.C. § 3161(c)(1)). A court may set a trial date outside the 70-day period "if the judge grant[s] such continuance on the basis of h[er] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Courts consider several factors in determining whether to continue a trial, including whether failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, in this case the Court will set a trial date outside the Speedy Trial Act's 70-day period, because the ends of justice served by doing so outweigh the best interest of the public and Mr. Duty in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The Court sets forth the following findings:

- The Court is available to try this case on October 7, 2024, beginning at 9:00 a.m.

- The failure to grant the requested continuance would deny the parties reasonable time necessary for effective preparations, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

- The delay occasioned by the continuance is properly excluded from the time limits of the Speedy Trial Act.

Given these enumerated findings, the Court **GRANTS** Mr. Duty's Motion. The Court hereby establishes the following trial schedule:

- All motions of any kind, including motions *in limine*, must be filed on or before **December 9, 2024**. All briefs in opposition must be filed on or before **December 16, 2024**. Reply briefs may not be filed without first obtaining leave of Court.

- Final Pretrial Conference is rescheduled for **January 8, 2025, at 1:30 p.m., in Conference Room 168.**

- Jury Trial is rescheduled for **January 13, 2025, at 9:00 a.m. in Courtroom 132**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON
CHIEF UNITED STATES DISTRICT JUDGE**